# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RONNIE D. HALL,

        Petitioner

VS.

TREUTLEN PROBATION DETENTION CENTER,

        Respondent

NO. 5:11-CV-98 (MTT)

**O R D E R**

Petitioner **RONNIE D. HALL**, a prisoner at the Treutlen Probation Detention Center, has filed a *pro se* "Motion for Credit for Time Served," which the Clerk's Office has docketed as a petition for habeas corpus under 28 U.S.C. § 2241. Petitioner's caption lists the Superior Court of Washington County, where petitioner originally filed it. Having failed to have his motion heard in that court, petitioner has filed it in federal court. Petitioner believes that he should be given two months credit for the time he recently served in the Washington County Jail.

Petitioner's "Motion," construed as a section 2241 action, must be dismissed. It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. **See Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available

procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because petitioner appears to be challenging the computation of credit given for time served, exhaustion requires that he seek relief from the Georgia Department of Corrections ("GDOC") and then pursue a mandamus action in the applicable Georgia superior court against the GDOC Commissioner. *See Ellison v. Seabolt*, 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing *Anderson v. State*, 290 Ga. App. 890, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr.9, 2008)). *See also Williams v. State*, 300 Ga. App. 319 (2009); *Beasley v. State*, 255 Ga. App. 522 (2002). Petitioner must also appeal any adverse decision of the superior court directly to the Georgia Supreme Court. *See* O.C.G.A. § 5-6-35. Until petitioner pursues all of these avenues, his federal habeas petition is premature.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT**

**PREJUDICE.**[1] Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

**SO ORDERED**, this 14th day of March, 2011.

                                        s/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the undersigned must dismiss the petition. ***See McFarland v. Scott***, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.